IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3142-FL

| | | |
|---|---|---|
| TROY RAYNARD ALEXANDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GEORGE KENWORTHY; MARK BARNHILL; AND MS. BECK, | ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on the motion to dismiss (DE # 20) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Nurse Beck ("Beck") and Tabor Correctional Institution ("Tabor") Unit Manager Mark Barnhill ("Barnhill"). Also before the court is the motion to dismiss (DE # 24) pursuant to Rule 12(b)(6) of defendant former Tabor Facility Administrator George Kenworthy. Finally, plaintiff filed a motion to appoint counsel (DE # 29). Plaintiff responded to defendants' motions, but defendants did not respond to plaintiff's motion. In this posture, these matters are ripe for adjudication. For the following reasons, the court denies the parties' respective pending motions.

**STATEMENT OF THE CASE**

On August 3, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against defendants alleging that they acted with deliberate indifference to his prison conditions in violation of the Eighth Amendment to the United States Constitution. Barnhill and Beck, as well as Kenworthy, subsequently filed respective motions to dismiss arguing that plaintiff failed to state a

claim upon which relief may be granted. The matters were fully briefed. Plaintiff also filed a motion to appoint counsel.

**STATEMENT OF FACTS**

Viewing the facts in the light most favorable to plaintiff, a state inmate, plaintiff makes the following allegations. While housed at Tabor, plaintiff was transferred to a cell, which previously was occupied by another inmate, Roy Gibson.[1] Plaintiff alleges that inmate Gibson was battling a staphylococcal ("staph") infection, which ultimately lead to the amputation of Gibson's leg. Plaintiff states that inmate Gibson's cell was not properly cleaned or quarantined after Gibson was removed.

After plaintiff was transferred to the cell, he developed a "three quarter inch deep hole to the inside of his right elbow, which had to be cut away" at the local hospital. Mem. in Supp. of Compl. p. 13. Plaintiff alleges that Kenworthy, Barnhill, and Beck each were aware that inmate Gibson had a serious staph infection, but refused to clean or disinfect the infected cell or to take any other precaution to prevent the spread of the infection. Plaintiff further alleges that Beck turned a "blind eye" to inmate Gibson's staph infection, and conspired to hide the staph infection outbreak. Id. pp. 22, 25. Defendants continued to force plaintiff to remain in the contaminated cell. Id. pp. 13-14.

**DISCUSSION**

A.   Motion to Appoint Counsel

Plaintiff requests that the court appoint counsel to assist him in litigating this action. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779,

---

[1] Plaintiff also refers to this inmate as Roy Simpsons and Roy Simpson. For the purposes of this order, the court will refer to this inmate as Roy Gibson.

780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Because plaintiff's claim is not complex, and where he has demonstrated through the detail of his filings he is capable of proceeding *pro se*, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, plaintiff's motion to appoint counsel is DENIED.

B.      Motions to Dismiss

     1.      Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations

3

omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotations omitted).

    2.    Analysis

        a.    Conditions of Confinement Claim

Plaintiff alleges that defendants acted with deliberate indifference to the condition of the cell vacated by inmate Gibson. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

The court begins with the objective prong of the Eighth Amendment test. "[F]or prison conditions to rise to the level of unconstitutional punishment, there must be [objective] evidence of a serious medical and emotional deterioration attributable to the challenged condition." Id. at 1380. In this case, plaintiff alleges that defendants' failure to clean or disinfect his cell lead to his contraction of a staph infection which required surgical intervention. At this stage in the proceedings, the court finds plaintiff's allegations sufficient to satisfy the objective prong of the Eighth Amendment test.

4

The court next considers the second prong of the Eighth Amendment test–whether defendant acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995).

Defendants contend that the plaintiff fails to state a claim with regard to the subjective prong of the Eighth Amendment test because the pleadings and attachments reflect that they did not act with deliberate indifference to the condition of his cell. In support of their motion, defendants direct the court's attention to an administrative remedy grievance response which indicates that plaintiff's cell was cleaned after inmate Gibson was transferred from the cell. Mem. in Supp. of Beck and Barnhill's Mot. to Dismiss Ex. E, p. 3. Plaintiff, however, attached to his complaint affidavits from several of his fellow inmates at Tabor, who were housed near the cell at issue, stating that the cell was not cleaned after inmate Gibson was transferred. Accordingly, the pleadings present conflicting statements regarding whether or not plaintiff's cell was cleaned subsequent to the date it was vacated by inmate Gibson and whether defendants acted with deliberate indifference with respect to the condition of the cell. Accordingly, defendants are unable to demonstrate that plaintiff failed to state a claim upon which relief may be granted, and their respective motions to dismiss are DENIED as to this issue.[2]

---

[2] Defendants also each briefly state that plaintiff's allegations regarding their alleged deliberate indifference to his medical care fails to state a claim. Plaintiff alleges that defendants ignored his staph infection until it required surgical intervention. The court finds that these allegations reflect more than a disagreement with medical treatment, as argued by defendants. Thus, the court finds that plaintiff has stated an Eighth Amendment claim for deliberate

5

b.   Supervisor Liability Claim

Defendants, all supervisory officials, alternatively contend that plaintiff's action should be dismissed because plaintiff failed to state a claim based upon supervisory liability. A supervisory official may not be held liable based upon a theory of *respondeat superior*, because *respondeat superior* generally is inapplicable in § 1983 suits. Monell v. Dep't of Social Services, 436 U.S. 658, 694 (1978). To the extent plaintiff alleges a claim pursuant to supervisor liability, the United States Supreme Court recently addressed the theory of supervisor liability in the context of a § 1983 action. Iqbal, 556 U.S. at 677. In Iqbal, the Court held: "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Id. at 676. Mere knowledge is not sufficient to establish personal participation. Id.

Defendants each assert that plaintiff failed to allege that they had any personal involvement in the alleged failure to clean and maintain the cell containing the staph infection. Plaintiff, however, alleges that each of the defendants was aware of the situation and refused to direct that the cell be cleaned/disinfected. The court finds that these allegations are sufficient to state a supervisor liability claim. Thus, defendants' respective motions to dismiss on this issue are DENIED.

C.   Frivolity Review

Plaintiff raises a new claim in response to defendants' motions to dismiss. In particular, plaintiff asserts that he has been denied access to courts pursuant to the First Amendment to the United States Constitution because North Carolina Prisoner Legal Services ("NCPLS") declined to

---

indifference to his medical care.

represent him in this action. As this claim is newly asserted, the court has not conducted a frivolity review of this claim.[3] Accordingly, the court now finds it appropriate to conduct a frivolity review of this claim. See 28 U.S.C. § 1915(e)(2)(B).

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994) (quoting Neitzke, 490 U.S. at 327). Under this standard, complaints may be dismissed for failure to state a claim cognizable in law, although frivolity is a more lenient standard than that for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Neitzke, 490 U.S. at 328. Second, a complaint may be frivolous where it "lacks an arguable basis . . . in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

The State is required to provide its inmates meaningful access to the courts. Smith v. Bounds, 430 U.S. 817, 823 (1977). This court has held that the plan whereby NCPLS provides legal assistance to inmates in the custody of the North Carolina Department of Public Safety adequately protects the inmates' constitutional right of access to the courts as required by Bounds. See Wrenn v. Freeman, 894 F. Supp. 244, 247-49 (E.D.N.C. 1995). As part of the plan, NCPLS attorneys are

---

[3] Because plaintiff's newly asserted claim is frivolous, the court makes no determination as to whether the claim is properly before it.

7

not required to take every prisoner action brought by inmates and may use their professional judgment when determining whether or not to provide representation in a matter. Salters v. Butler, No. 5:06-CT-3073-H, 2006 WL 4691237, *1 (E.D.N.C. Oct. 19, 2006), aff'd 214 F. App'x 267 (4th Cir. Jan. 24, 2007). Finally, in order to state a claim that an inmate was not provided the legal assistance required by Bounds, that inmate must demonstrate some injury. See Fowler v. Lee, 18 F. App'x 164, 2001 WL 1033312, *2 (4th Cir. Sept. 10, 2001) (citing Lewis v. Casey, 518 U.S. 343, 351 (1996)).

In this case, plaintiff's claim was investigated by Attorney Julie Solms as required by Bounds. Attorney Solms declined to undertake representation. Plaintiff has not demonstrated that he suffered any injury from Attorney Solms' decision not to provide representation in this case. Therefore, the court DISMISSES this claim as frivolous.

## CONCLUSION

For the foregoing reasons, defendants' respective motions to dismiss (DE #s 20, 24) are DENIED. Plaintiff's motion to appoint counsel (DE # 29) also is DENIED. Finally, the court DISMISSES as frivolous plaintiff's First Amendment access to courts claim. The Clerk of Court is DIRECTED to issue an initial order.

SO ORDERED, this the 6th day of February, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge