IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3142-FL

| | |
|---|---|
| TROY RAYNARD ALEXANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| GEORGE KENWORTHY, MARK ) | |
| BARNHILL, and MS. BECK, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on the motion for summary judgment (DE 35) pursuant to Federal Rule of Civil Procedure 56 filed by defendants Tabor Correctional Institution ("Tabor") Unit Manager Mark Barnhill ("Barnhill"), Nurse Beck ("Beck"), and Correctional Administrator George Kenworthy ("Kenworthy"). Plaintiff responded to defendants' motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendants' motion.

## BACKGROUND

On January 19, 2011, plaintiff, a former state inmate,[1] was assigned to cell KE42A at Tabor. Beck Aff. ¶ 6. At the time plaintiff was transferred to cell KE42A, the cell had been vacant for a period of approximately twenty-nine (29) days. Id. 7.

On April 30, 2011, plaintiff declared a medical emergency complaining of a possible spider bite or "boil" on his elbow. Id. ¶ 10 and Attach. p. 32. That same day, plaintiff was evaluated by

---

[1] Plaintiff notified the court on January 31, 2014, that he no longer was in North Carolina Department of Public Safety custody. See (DE 42).

nurse Theresa Gore ("nurse Gore") who noted that the wound was not draining. Id. ¶ 10 and Attach. p. 34. After examining plaintiff, nurse Gore provided him with antibiotics, and instructed him to apply a warm compress to the infected area and to change the dressing on the area daily. Id.

Nurse Gore again saw plaintiff on May 3, 2011. Id. ¶ 12 and Attach. p. 33. Gore noted that the infected area was hot, swollen, and reddened. Id. Gore then changed plaintiff's wound dressing and contacted the unit physician who authorized plaintiff to be transported to the local emergency department at Columbus Regional Hospital for treatment. Id. At the hospital, plaintiff's wound was cultured and a physician drained the wound. Id. ¶ 2 and Attach. pp. 15, 18. Upon plaintiff's discharge from the hospital, medical professionals instructed him to elevate his arm and to continue to take his prescribed medication. Id. and Attach. p. 19.

On May 12, 2011, Tabor medical staff was informed that plaintiff's infection tested positive as a methicillin-resistant staphylococcus aureus ("MRSA") infection. Id. ¶ 15 and Attach. p. 26. Subsequent to plaintiff's MRSA diagnosis, Tabor medical staff continued to treat plaintiff's infection with antibiotics and regular dressing changes. Id. ¶ 16 and Attach. pp. 27-31. Medical staff considered plaintiff's MRSA infection healed as of May 21, 2011. Id. ¶ 17, and Attach. p. 28.

On August 3, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against defendants alleging that defendants acted with deliberate indifference to his prison conditions in violation of the Eighth Amendment to the United States Constitution. Specifically, plaintiff asserted that defendants did not properly clean cell KE42A prior to assigning the cell to plaintiff.

Plaintiff contends that the cell previously was occupied by another inmate, Roy Gibson,[2] who was battling a staphylococcal ("staph") infection, which ultimately lead to the amputation of Gibson's leg. Plaintiff alleged that Kenworthy, Barnhill, and Beck were aware that inmate Gibson had a serious staph infection, but refused to clean or disinfect cell KE42A or to take any other precaution to prevent the spread of the infection. Plaintiff further alleged that defendants conspired to hide the MRSA infection outbreak. In addition to the cell-related claim, plaintiff contends that Beck acted with deliberate indifference to his serious medical needs after plaintiff contracted his MRSA infection.[3] As relief, plaintiff requested monetary damages, including compensatory and punitive damages. Plaintiff also requested a declaratory judgment and injunctive relief.

Barnhill and Beck, as well as Kenworthy, subsequently filed respective motions to dismiss arguing that plaintiff failed to state a claim upon which relief may be granted. On February 13, 2013, the court entered an order denying defendants' motions to dismiss. As part of that order, the court conducted a frivolity review of a new First Amendment access to courts claim plaintiff raised in response to defendants' motions to dismiss. The court dismissed as frivolous plaintiff's newly asserted claim.

---

[2] Plaintiff also refers to this inmate as Roy Simpsons and Roy Simpson. For the purposes of this order, the court will refer to this inmate as Roy Gibson.

[3] Plaintiff in his complaint divides his claims into twelve parts. However, upon a review of plaintiff's pleadings, the court finds that plaintiff alleges two distinct claims: (1) that defendants acted with deliberate indifference to the condition of his cell, and (2) that defendants acted with deliberate indifference to his medical needs. See Compl. pp. 6-7. To the extent plaintiff lists any other claims, his conclusory allegations are DISMISSED without prejudice. See Ashcroft v. Iqbal, 556 U.S. 662, (2009) ("[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements.")

On August 12, 2013, defendants filed a motion for summary judgment arguing that plaintiff cannot establish a constitutional violation. Alternatively, defendants assert the affirmative defense of qualified immunity. The motion was fully briefed.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Defendants assert the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

1.  Conditions of Confinement Claim

Plaintiff alleges that defendants acted with deliberate indifference to the condition of his cell at Tabor. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious' "–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.' " See Strickler, 989 F.2d at 1379 (quotations omitted).

Assuming without deciding that plaintiff can satisfy the objective prong of the Eighth Amendment test, the court focuses on the subjective prong of the Eighth Amendment test–whether defendants acted with deliberate indifference to plaintiff's serious medical needs. "Deliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." See Farmer v. Brennan, 511 U.S. 825, 835 (1994). It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm. See Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995); Hall v. Williams, No. 91-6007, 1992 WL 71566 *4 (4th Cir. Apr. 13, 1992) ("In Eighth Amendment cases involving conditions of confinement, deliberate indifference may be shown when prison authorities were aware of the objectively cruel conditions and failed to remedy them.").

5

Although the parties present conflicting evidence as to whether cell KE42A was cleaned prior to plaintiff's assignment to the cell, there is no evidence suggesting that defendants knew plaintiff's cell had not been cleaned prior to plaintiff's transfer to the cell or that defendants disregarded any risk of the transmission of MRSA.[4] Notably, plaintiff did not complain to prison officials about the condition of his cell until after he contracted the MRSA infection. (See DE 25, Ex. 5, p. 4). Moreover, defendant Barnhill's response to plaintiff's cell sanitation complaint indicates that prison officials believed plaintiff's cell had been sanitized prior to plaintiff's arrival. See id. The record additionally reflects that inmates are responsible for cleaning their own cell. Beck Aff. ¶ 7. Plaintiff does not dispute that he was provided cleaning supplies while in cell KE42A or allege that he made any request for cleaning supplies that was denied. Cf. Williams v. Griffin, 952 F.2d 820, 826 (4th Cir. 1991) (prisoner sufficiently raised factual dispute as to deliberate indifference as to conditions of confinement where reports in the record showed that prison officials were made aware of need for critical repairs to prisoner cells but did not take corrective action); see also Myrick v. Anglin, 496 F. App'x 670, 675-76 (7th Cir. 2012) (finding inmate failed to state a claim where inmate alleged he did not receive the specific cleaning supplies he requested, but did not allege that he was unable to clean his cell with supplies available to him). Based upon the foregoing, the court finds that plaintiff failed to set forth sufficient facts to create a genuine issue of material fact as to whether a constitutional violation occurred.

The court next addresses whether there is any causal link between the alleged unsanitary condition of plaintiff's cell and plaintiff's contraction of MRSA. The parties present conflicting

---

[4] The court notes that the parties also dispute whether plaintiff was provided with a new mattress, pillow, and bed linens prior to being transferred to KE42A.

6

evidence as to whether the prior occupant of cell KE42A actually had MRSA.[5] However, even if the prior occupant of cell KE42A did have MRSA, the record reflects that cell KE42A was vacant for twenty-nine (29) days prior to plaintiff's occupancy. Beck Aff. ¶ 7. The record further reflects that plaintiff resided in cell KE42A from January 9, 2011, through April 20, 2011, without any medical complaints pertaining to a skin infection. Id. ¶ 9. As a result, the court finds that the evidence in the record is insufficient to establish a causal link between plaintiff's MRSA infection and the alleged unsanitary condition of his cell. See, e.g., Gambrell v. Preston, No.2:06-2943-CMC-RSC, 2007 WL 2302579, at *5 (D.S.C. Aug. 9, 2007) ("[T]o the extent that the plaintiff claims that he contracted his infection because the ACDC is not clean, he did not indicate that any defendant caused the unsanitary conditions, or presented any proof that his infection was causally linked to the alleged conditions.") Because plaintiff cannot establish that any defendants' action or inaction resulted in plaintiff contracting MRSA, he fails to establish a constitutional violation.

Finally, plaintiff alleges that defendants' failure to clean cell KE42A violated North Carolina Department of Public Safety ("DPS") policy. However, the mere violation of a prison regulation does not automatically rise to the level of a constitutional violation cognizable under § 1983. Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (stating that prison regulations are primarily designed to guide correctional officials in the administration of a prison and not designed to confer rights on inmates); Williams v. Benjamin, 77 F.3d 756, 766 n.5 (4th Cir. 1996) (finding that even if the guards

---

[5] Beck testified that she has knowledge of the medical condition of the inmate previously housed in cell KE42A and that the inmate did not have MRSA and/or suffer a leg amputation. Beck Aff. ¶ 8. Plaintiff, however, has submitted conclusory affidavits from other inmates stating that the prior occupant of cell KE42A had MRSA and suffered a leg amputation. Compl. Attach. Plaintiff states that he has been unable to locate inmate Roy Gibson to prove that this inmate did in fact suffer from a MRSA infection. Pl.'s Resp. p. 2.

were found to have violated the prison's four-point-restraint policy, the plaintiff would not automatically prevail on his Eighth Amendment claim). Thus, the alleged policy violation is insufficient to establish a constitutional violation.

Based upon the foregoing, the court finds that plaintiff is unable to establish that defendants acted with deliberate indifference to his prison conditions because there is no evidence establishing that defendants knew that cell KE42A was not sufficiently cleaned prior to plaintiff's transfer to the cell. Nor is there evidence linking a prior case of MRSA in cell KE42A with plaintiff's contraction of the infection almost five months later. Thus, plaintiff failed to establish the subjective prong of the Eighth Amendment test, and defendants are entitled to qualified immunity for this claim.

    2.    Conspiracy

To the extent plaintiff alleges that defendants conspired to hide a MRSA infection outbreak at Tabor, plaintiff has provided no evidence to support such a claim. Instead, plaintiff relies upon the conclusory allegations of conspiracy set forth in his complaint, which are not sufficient to state a conspiracy claim. See Wiggins v. 11Kew Garden Court, 497 Fed. Appx. 262, 264 (4th Cir. 2012) ("To properly plead an unconstitutional conspiracy, a plaintiff must assert facts from which a conspiratorial agreement can be inferred."); Miller v. DeMarino, No. 1:01CV183, 2002 WL 32096597, at *1 (N.D.W. Va. Apr. 24, 2002) (finding that naked assertions of a conspiracy are not sufficient to support an action pursuant to 42 U.S.C. § 1983), aff'd, 45 F. App'x 292 (4th Cir. Sep. 10, 2002). Thus, the court GRANTS defendants' motion for summary judgment for this claim.

    3.    Medical Claim

Plaintiff contends that defendants purposefully delayed medical treatment for his MRSA infection resulting in the need for surgical intervention. To state a claim for relief under the Eighth

8

Amendment of the United States Constitution arising out of medical care, a plaintiff must establish that a prison official was deliberately indifferent to a serious condition, medical need, or risk of harm in the context of the same two-pronged Eighth Amendment test as set forth above. See Short v. Smoot, 436 F.3d 422, 427 (4th Cir. 2006).

Plaintiff's medical records reflect that he received prompt and continuous medical care for his MRSA infection. In particular, the record reflects that plaintiff was immediately evaluated for his boil-related complaint on April 30, 2011, by nurse Gore who provided treatment. Gore followed up with plaintiff a few days later, and plaintiff ultimately was transported to the Columbus County emergency department for treatment and drainage of the boil. Back at Tabor, medical staff continued to treat plaintiff's wound as instructed by the hospital until the wound healed on May 21, 2011.[6] The evidence in the record does not reflect, and plaintiff has not provided any evidence to suggest, that Beck, or any Tabor medical staff member, disregarded plaintiff's medical needs. At most, plaintiff alleges a disagreement regarding the appropriate form of treatment for his MRSA infection, which is insufficient to state a claim for deliberate indifference. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Thus, the court finds that plaintiff fails to establish a constitutional violation, and defendants are entitled to qualified immunity for this claim.[7]

---

[6] Although plaintiff complains the prison officials refused to clean his cell after he contracted MRSA, there is no indication that plaintiff was exposed to MRSA after his MRSA infection healed.

[7] The court notes that plaintiff fails to establish a supervisor liability claim against defendants Kenworthy and Barnhill because, as supervisory officials, they were entitled to rely upon the judgment of the medical staff to determine the course of treatment. Shakka, 71 F.3d at 167.

4. Retaliation

Plaintiff alleges that he was transferred from Tabor in retaliation for filing grievances. For an inmate to state a colorable claim of retaliation, the alleged retaliatory action must have been taken with regard to the exercise of some constitutionally protected right, or the retaliatory action itself must violate such a right. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Additionally, a plaintiff must allege specific facts supporting the claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension. Adams, 40 F.3d at 74-75. Because plaintiff does not have a constitutional right to be housed in a particular prison, Meachum v. Fano, 427 U.S. 215, 223-224 (1976), or to participate in a grievance procedure, Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011), he fails to state a claim for retaliation.

5. Injunctive and Declaratory Relief

Any claims for injunctive and declaratory relief become moot when an inmate no longer is subjected to the allegedly unconstitutional conditions of confinement. See Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991). Where the court's docket reflects that plaintiff no longer is incarcerated at Tabor, all claims for injunctive and declaratory relief are moot.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (DE 35) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 25th day of February, 2014.

*[signature]*

LOUISE W. FLANAGAN
United States District Judge

10

Case 5:11-ct-03142-FL   Document 43   Filed 02/25/14   Page 10 of 10